[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Orange Soccer Association, Inc., sponsors an amateur soccer team of under 13 year old boys (the Orange Twisters) and seeks a temporary injunction enjoining the defendant, the Connecticut Junior Soccer Association, Inc., from interfering with the right of the Orange Twisters to participate in a Connecticut open soccer tournament sponsored by the defendant.
The issue relates, in part, to the application of Rule 5420 which provides:
 Rule 5420 (State Cup) Rosters Frozen. One week prior to the start of the age group's competition, a copy of an approved roster, one which the district has reviewed and signed, shall be submitted to the Cup registrar. The roster shall include the names of not less than 11 nor CT Page 8359 more than 25 players registered to the club sponsoring the team. Information shall be submitted on a CJSA Roster Form, containing information required on this form or media driven printout. A team not complying will be ineligible.
 (NOTE: DEFINITION OF "SUBMIT": FOR PURPOSES OF STATE CUP PLAY IN THE FALL CUP `93 THE WORD "SUBMIT" SHALL MEAN RECEIVED BY OR AT THE CJSA OFFICE.)
The plaintiff offered evidence that the entry form, entry fee, fee for a performance bond and roster were mailed to the office of the defendant several weeks prior to the one week period set forth in Rule 5420 and received an acknowledgement stating "cup entry received". The defendant admits that the entry form, entry fee and bond fee were received and offered evidence that the roster was not included in the envelope received by it and that its records indicate that the roster was not received. The evidence establishes that there is no requirement that the roster be filed with the entry form and that it is common for the rosters, which are "frozen" pursuant to Rule 5420, to be filed shortly before the one week period provided in the rule.
The issuance of an injunction rests in the discretion of the court and a plaintiff who seeks a temporary injunction must show a reasonable degree of probability of success. See e.g., Griffin Hospital v. Commission on Hospitals and Health Care, 196 Conn. 451,457 (1985). The individuals acting on behalf of both plaintiffs and the defendant volunteer countless hours, as do others, for the benefit of the 55,000 boys and girls involved in the soccer program. It is, however, the plaintiff who has the burden of proving its case. On the basis of the evidence, the court cannot conclude that the roster was submitted "one week prior to the start of the age group's competition" as required by Rule 5420.
The content of Rule 5420 has been the subject of discussion among the interested parties and the present form of the rule was voted upon by the various representatives in preference to a rule which would have required the roster to be submitted with the entry form. The filing of a roster is more than a technicality. The age and residency requirements serve to provide a level playing field for all participants and the registration of the players effects the application of insurance coverage.
The plaintiff also claims that the actions of representatives CT Page 8360 the defendant in failing to tell the plaintiff or representatives of the team that the roster had not been received prevents the defendant from relying upon Rule 5420. The plaintiff, however, has not demonstrated any intentional withholding of information, misstatement of fact or misrepresentation attributable to the defendant.
Accordingly, the motion for temporary injunction is denied.
RUSH, J.